STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

DOCKET NUMBERS

2025 CA 0120

SUCCESSIONS OF JOYCE FAYE MILLET A/K/A
JOYCE LEBLANC MILLET, WIFE OF/AND
LEONCE JOSEPH MILLET, JR.

CONSOLIDATED WITH

2025 CA 0121

JILL MILLET

VERUS

ECONOMY BRICK SALES, INC.

Judgment Rendered: **JAN 07 2026**

* * * * *

ON APPEAL FROM THE
23RD JUDICIAL DISTRICT COURT, DIVISION A
ASCENSION PARISH, STATE OF LOUISIANA
DOCKET NUMBERS 18,543 and 126,239

HONORABLE JASON VERDIGETS, JUDGE PRESIDING

* * * * *

Robin B. Cheatham            Attorneys for Defendant-Appellant
Richard B. Eason II          Economy Brick Sales, Inc.
Leigh Ann Schell
G. Robert Parrott II
New Orleans, Louisiana


Barbara L. Irwin             Attorneys for Plaintiff-Appellee
Timothy E. Pujol            Jill Millet
Ashley D. Tadda
Gonzales, Louisiana


BEFORE:   McCLENDON, C.J., GREENE, and EDWARDS, JJ.

**GREENE, J.**

This case involves a dispute between a lessee and a third-party beneficiary of a lease. The lessee appeals a judgment denying its motion for summary judgment, granting the third-party beneficiary's motion for summary judgment, and dismissing its reconventional demand that sought to recover attorney's fees and costs from the third-party beneficiary of the lease. Because we rejected the third-party beneficiary's contention that she was a party to the lease in the companion appeal, rendered this same date, and because the attorney's fee provision of the lease does not permit the lessee to recover attorney's fees and costs from a non-party to the lease, we affirm. *See Successions of Millet*, 2025-0118, 2025-0119 (La. App. 1 Cir. 1/7/26), ___ So.3d ___.

## FACTUAL AND PROCEDURAL BACKGROUND

This case involves a dispute among siblings over the terms of a lease their parents entered into with the family-owned business, Economy Brick, Inc. (Economy Brick). Leonce J. Millet, Jr., and his wife, Joyce LeBlanc Millet, were the original owners of Economy Brick. On January 2, 2004, Leonce and Joyce executed a lease with Economy Brick, leasing certain immovable property (the immovable property) located in Ascension Parish to Economy Brick. Before they executed the lease, Leonce and Joyce donated all of their shares of capital stock in Economy Brick to two of their six children, Dean Millet and Michelle Millet DePierri.

The lease directed Economy Brick, the lessee, to issue a monthly rental payment of $7,000.00 to Leonce and Joyce, the lessors, for a term of fifty years. However, the lease provided that after the lessors died, the term would be reduced to the remainder of twenty years and the rental payment would be paid in equal monthly installments to the Millets' other four children, including Jill Millet, in an amount not to exceed $4,000.00 per month. Joyce died testate on February 27, 2013, bequeathing her right, title, and interest in and to the immovable property to Leonce. Leonce died testate on June 11, 2018, bequeathing all of his right, title, and interest in and to the immovable property to Dean and Michelle.

After Leonce's death, Dean and Michelle were appointed co-executors for the Successions of Joyce Faye Millet a/k/a Joyce LeBlanc Millet, wife of/and Leonce Joseph

2

Millet, Jr., Docket No. 18543, in the 23rd Judicial District Court for the Parish of Ascension (the succession proceeding). Jill made a formal proof of claim in the succession proceeding, claiming she was owed monthly rental payments under the lease. After the co-executors rejected her claim, in July 2019, Jill filed a Petition for Judicial Enforcement of Claim in the succession proceeding, seeking to obtain the rental payments she claimed were owed to her. Later that same month, Jill filed a Petition of Breach of Contract and Damages against Economy Brick and Dean in a separate proceeding, asserting a claim for breach of contract for failure to pay the rental payments and seeking damages under La. C.C. art. 1995; bad faith damages under La. C.C. art. 1997; non-pecuniary damages under La. C.C. arts. 1998 and 1999; and delay damages under La. C.C. art. 2000; and asserting claims for tortious interference with a contract, vicarious liability, and alternatively, unjust enrichment. The second suit was consolidated with the succession proceeding by order dated February 13, 2020.

A series of motions for summary judgment soon followed. On March 23, 2020, Defendants Dean and Michelle, in their capacities as co-executors in the succession proceeding, and Defendants Economy Brick and Dean in the breach of contract suit (collectively, "Defendants"), filed a motion for summary judgment, seeking to dismiss Jill's claims against them in both proceedings. After a hearing, the trial court granted the motion for summary judgment and dismissed all of Jill's claims against Defendants. Jill appealed. On appeal, a different panel of this Court remanded the case because of procedural deficiencies in the judgment rendered by the trial court. *See Successions of Millet*, 2021-0355, 2021-0356 (La. App. 1 Cir. 12/22/21), 340 So.3d 252.

Defendants then filed a second motion for summary judgment that re-urged the merits of their original motion. Jill filed a cross motion, seeking enforcement of the lease on grounds she was a third-party beneficiary of the lease entitled to recover rental payments from Economy Brick for a term of twenty years. After a hearing, the trial court granted Defendants' motion, denied Jill's cross motion, and signed a judgment dismissing all of Jill's claims with prejudice. Jill appealed and, on appeal, another panel of this Court reversed the trial court's judgment and rendered summary judgment in favor of Jill, finding that the lease created a valid stipulation *pour autrui* in favor of Jill that entitled

3

her to receive its third-party benefits. *See Successions of Millet*, 2022-0863, 2022-0864 (La. App. 1 Cir. 7/5/23), 370 So.3d 758.

On January 23, 2024, Jill filed the Motion for Interim Award of Attorney's Fees and Costs that is the subject of the companion appeal before this Court. Jill claimed that she was entitled to recover attorney's fees and costs under Article 21 of the lease:

> 21. Attorney's Fees and Expenses:
>
> In the event it becomes necessary for either party to employ an attorney to enforce collection of the rents agreed to be paid, or to enforce compliance with any of the covenants and agreements herein contained, the unsuccessful party shall be liable for reasonable attorney's fees and costs incurred by the other party.

Economy Brick opposed the motion, disputing that Jill was a "party" entitled to claim attorney's fees and costs under Article 21. After a hearing, the trial court granted Jill's motion and awarded attorney's fees and costs to Jill. Economy Brick appealed the judgment. This Court, in the companion appeal decided this same date, reversed the trial court's judgment, finding that Jill was not a party to the lease and, accordingly, was not entitled to recover attorney's fees and costs under the lease. *See Successions of Millet*, 2025-0118, 2025-0119 (La. App. 1 Cir. 1/7/26), ___ So.3d ___.[1]

In the meantime, the trial court granted Economy Brick leave to file an amended answer and reconventional demand. In its reconventional demand, Economy Brick claimed that it was entitled to an award of attorney's fees and costs under Article 21 of the lease if Jill was unsuccessful on her claims for bad faith breach of contract, non-pecuniary damages, delay damages, tortious interference with contract, vicarious liability, unjust enrichment, and attorney's fees and costs that were raised in her second suit.

Defendants then filed a motion for summary judgment, seeking to dismiss Jill's claims for bad faith breach of contract, non-pecuniary damages, delay damages, tortious interference with contract, vicarious liability, unjust enrichment, attorney's fees, and costs. Jill opposed the motion. On June 11, 2024, the trial court granted Defendants' motion in part and dismissed Jill's claims for bad faith breach of contract, non-pecuniary

---

[1] However, this Court affirmed the portion of the May 24, 2024 judgment that awarded costs to Jill as she was the prevailing party in the suit.

damages, delay damages, tortious interference with contract, vicarious liability, and unjust enrichment.[2]

On August 30, 2024, Economy Brick filed a motion for summary judgment on its reconventional demand, seeking an award of attorney's fees and costs under Article 21 of the lease because it had successfully defended Jill's claims for bad faith breach of contract, non-pecuniary damages, delay damages, tortious interference with contract, vicarious liability and unjust enrichment. Soon after, Jill filed her own motion for summary judgment, seeking the dismissal of Economy Brick's reconventional demand on grounds that Economy Brick was not entitled to recover attorney's fees under the lease.

After a hearing, the trial court rendered judgment on October 18, 2024, denying Economy Brick's motion because it found that Economy Brick was not entitled to recover attorney's fees under Article 21. The trial court also granted Jill's motion, finding that the claims raised by Economy Brick in its reconventional demand did not fall within the language of Article 21 and, accordingly, dismissed Economy Brick's reconventional demand and all claims against Jill with prejudice. Economy Brick timely appealed the judgment.

## ASSIGNMENTS OF ERROR

On appeal, Economy Brick assigns as error the trial court's determination that it was not entitled to recover attorney's fees and costs for successfully defending Jill's dismissed claims under Article 21 of the lease. In its brief, Economy Brick clarifies its position, stating "that Jill cannot recover fees under Article 21 [because she is not a party to the lease] but, if she can, Economy Brick should likewise be entitled to recover the fees it incurred in successfully defending Jill's dismissed claims." This Court determined in the companion appeal that Jill is *not* a party the lease and thus is *not* entitled to recover attorney's fees and costs under Article 21. Because Jill is not a party to the lease, Economy Brick's argument on appeal lacks merit.

---

[2] The trial court denied Defendants' motion as to Jill's claim for attorney's fees and costs.

## DISCUSSION

Summary judgment is subject to *de novo* review on appeal, using the same standards that apply to the trial court's determination of the issues. *Berard v. L-3 Communications Vertex Aerospace, LLC,* 2009-1202 (La. App. 1 Cir. 2/12/10), 35 So.3d 334, 339-40, *writ denied,* 2010-0715 (La. 6/4/10), 38 So.3d 302. Summary judgment is properly granted if the motion, memorandum, and supporting documents show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). When parties are bound by a valid contract and material facts are not in conflict, the contract's application to the case is a matter of law and summary judgment is appropriate. *See Abbott Paul Oak, LLC v. Sampedro,* 2010-1701 (La. App. 1 Cir. 5/12/11), 2011 WL 2623550, *3, *writ denied,* 2011-1239 (La. 9/23/11), 69 So.3d 1162.

In this case, we are charged with determining whether Economy Brick is entitled to recover attorney's fees and costs under Article 21 of the lease. To do so, we must apply general principles of contract interpretation. *See Steele v. Ferry Holdings, LLC,* 2013-1933 (La. App. 1 Cir. 7/24/14), 2014 WL 3697725, *2, *writ denied,* 2014-1799 (La. 11/14/14), 152 So.3d 882. "Interpretation of a contract is the determination of the common intent of the parties." La. C.C. art. 2045. "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. C.C. art. 2046.

Under Louisiana law, attorney's fees are not allowed except where authorized by statute or by contract. *Dominique v. Parochial Employees' Retirement System of Louisiana,* 2024-1009 (La. App. 1 Cir. 5/1/25), 2025 WL 1271112, *6. Here, Economy Brick points to Article 21 of the lease as the basis for its claim to recover attorney's fees.

Article 21 states that the "unsuccessful party" shall be liable for the reasonable attorney's fees and costs incurred by the "other party" if "either party" must employ an attorney to enforce collection of the rents:

6

21.    Attorney's Fees and Expenses:

In the event it becomes necessary for either party to employ an attorney to enforce collection of the rents agreed to be paid, or to enforce compliance with any of the covenants and agreements herein contained, the unsuccessful party shall be liable for reasonable attorney's fees and costs incurred by the other party.

The clear and unambiguous language of this provision establishes that attorney's fees and costs can only be recovered if one party to the contract must employ an attorney to challenge the actions of another party to the contract. As the lessee under the contract, Economy Brick is undisputedly a party to the lease agreement. However, Economy Brick fails to establish that Jill-- the party from whom it seeks to recover attorney's fees and costs-- is a party to the lease. In fact, Economy Brick disputes that Jill is a party to the lease, stating in its reply brief that "Jill is not and has never been a party to the Lease under its 'clear and unambiguous' terms." Economy Brick's argument on appeal, however, is that "if this Court agrees with the [trial court] in the [companion appeal] … the Court should be consistent and decide this appeal in favor of Economy Brick [because] Article 21 is a reciprocal fee provision and cannot operate in favor of one party and not the other."

In other words, Economy Brick argues that it should be allowed to recover attorney's fees and costs under Article 21 if Jill is allowed to recover attorney's fees and costs under Article 21. However, we need not determine the merits of Economy Brick's reciprocity argument because Economy Brick's argument fails at a more fundamental level. Because we have determined in the companion appeal that Jill is not a party to the lease and we have found that the clear and unambiguous terms of Article 21 establish that there is no right to recover attorney's fees and costs from a non-party to the lease, Economy Brick has no legal basis to recover attorney's fees and costs from Jill. Where, as here, the relevant facts are undisputed, the legal question before this Court is appropriate for disposition by summary judgment. *See Stella Maris Condominium Association, Inc. v. Trautenberg*, 2022-0696 (La. App. 4 Cir. 4/12/23), 360 So.3d 154, 164. The trial court's judgment dismissing Economy Brick's reconventional demand was legally correct.

7

## CONCLUSION

For these reasons, we find no error in the trial court's October 18, 2024 judgment, and the judgment is hereby affirmed. Costs of this appeal are assessed against Economy Brick Sales, Inc.

**JUDGMENT AFFIRMED.**

8